IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT RAMIREZ, §
(TDCJ No.01911664), §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION No.4:17-CV-093-Y
 §
HAMIDA A. ABDAL-KHALLAQ,*et al.,* §
 §
    Defendants. §

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Robert Ramirez's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review and consideration of Plaintiff's claims, the Court determines that all claims must be dismissed under the authority of these provisions.

**I.    BACKGROUND/PLEADING**

In this suit, after he initially filed several pleadings, plaintiff Ramirez filed a form civil-rights complaint in accordance with this Court's order to incorporate all of his claims into one amended complaint.(Am. Complaint (doc.10); Order to File Amended Complaint (doc. 9).) Thus, the live pleading subject to review is Plaintiff's form amended civil-rights complaint with pages attached. (Am. Complaint (doc. 10).) The amended complaint names as defendants attorneys Hamida A. Abdal-Khallaq, Mary Mankesi Panzu,

and Michael B. Berger; Fort Worth police detectives T.S. O'Brien and Tom Boetcher; Joe Shannon, former district attorney, Tarrant County, Texas; and Dawn Newell Ferguson, assistant district attorney, Tarrant County, Texas; and Michael Thomas, judge, Criminal District Court Number Four, Tarrant County, Texas.[1] (*Id.*(doc. 10) at 3, 7-16.)

Ramirez complains of the actions of the detectives in preparing reports in support of his arrest and prosecution, complains of the prosecutors in charging and taking him to trial, complains of the actions of three different appointed defense counsel, and complains of the actions of Presiding Judge Mike Thomas. (*Id.*)

Ramirez recites that he got into a fight with Ricky Soto, who later died, and that he was initially investigated and charged with murder. (*Id.* (doc. 10) at 7.) Although initially charged with murder, Ramirez was later re-indicted on a charge of aggravated assault with serious bodily injury. (*Id.* (doc. 10) at 8, 12.) Ramirez contends that Detective O'Brien violated his Fifth, Sixth, and Fourteenth Amendment rights by falsely arresting him and preparing a frivolous police report in support of the initial murder charge. (*Id.* (doc. 10) at 7–8.) Ramirez alleges that

---

[1] Although Ramirez initially also listed Tarrant County Assistant District Attorney Brooke Erica Panuthos as a defendant in the original complaint, he dropped his claims against this defendant in the amended complaint. The clerk of Court is directed to note on the docket that defendant Panuthos was dismissed from the suit by the filing of the amended complaint.

Detective Boetcher violated his Fifth, Sixth, and Fourteenth Amendment rights by "misleading the whole investigation by lieing [sic] in this police report and investigating the wrong person . . . ." (*Id.* (doc. 10) *at 3.*) He contends that the appointed attorneys violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments for failing to allow him to see video of his interrogation, preventing his right to testify at trial, failing to meet with him, failing to have a trial strategy, failing to cross-examine a state witness, and failing to send him a trial transcript upon his post-conviction request.(*Id.*(doc. 10) at 8–11.) He contends that prosecutors Joe Shannon Jr. and Dawn Ferguson violated his rights under the First, Fifth, Sixth and Fourteenth Amendments by first indicting him for murder, then not trying him on that charge due to lack of a witness, but re-indicting him on the charge of aggravated assault causing serious bodily injury, and seeking a continuance when they were unable to secure a prosecution witness. (*Id.* (doc. 10) at 12.) Ramirez contends that Judge Thomas violated his First, Fifth, Sixth, and Fourteenth Amendment rights by depriving him of the right to be heard at trial, not explaining his prior convictions to the jury, subjecting him to double jeopardy, convicting him without sufficient evidence of his harming Soto, failing to correctly apply the law, and violating his right to a speedy trial. (*Id.* (doc. 10) at 15.) Ramirez seeks as relief from this Court a declaration that his constitutional rights were

3

violated, an "injunction ordering defendants to stop all illegal actions," and compensatory and punitive damages.(*Id.* at 17.)

Relevant to the Court's review of this civil-rights case is the fact that Robert Ramirez also filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this district, challenging the conviction that arose out of the same conduct made the basis of this civil suit. *See Ramirez v. Davis*, No. 4:17-CV-733-A (N.D. Tex. Dec. 18, 2018 Order and Judgment). This Court takes judicial notice of the records of the habeas-corpus case in this district. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

In the habeas action, Ramirez acknowledges that he was convicted on February 12, 2014, of aggravated assault causing serious bodily injury in Criminal District Court Number Four, Tarrant County, Texas, in cause number 1346024R. *Ramirez v. Davis* No. 4:17-CV-733-A, (Petition (doc. 1) at 2-3). The docket of the habeas case included extensive copies of the state-court records relating to Ramirez's charges and the conviction for aggravated assault causing serious bodily injury, Ramirez's appeal, and the post-conviction writ history in state court. *Ramirez v. Davis*, No.4:17-CV-773-A, (Administrative Record (docs. 15-1 through 15-20; 16-1 through 16-11)). That record includes a copy of the original indictment for murder (with a habitual offender notice) as case number 1274228, the later indictment for aggravated assault causing serious bodily injury (with a habitual offender notice) as case

number 1346024R, an order dismissing case number 1274228 based upon re-indictment in case number 1346024R, and the February 12, 2014 Judgment of Conviction in case number 1346024R.(*Id.* (doc. 15-16 at 11–12; doc. 15-16 at 6–7; doc.15-17 at 55; doc.15-17 at 151-52).[2] The judgment shows that a jury found Ramirez guilty of aggravated assault causing serious bodily injury, found him guilty of the habitual-offender enhancement, and sentenced him to 25 years' imprisonment. (*Id.* (doc. 15-17 at 151–52.) The court reviewing the § 2254 habeas petition ultimately dismissed the case as time-barred. *See Ramirez v. Davis*, No. 4:17-CV-733-A (N.D. Tex. Dec. 18, 2018 Order and Judgment).

## II. SCREENING UNDER § 1915A and § 1915(e)(2)(B)

As noted, as Ramirez is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also

---

[2] The Memorandum Opinion and Order provided a brief summary of Ramirez's post conviction history: "Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment.(Mem. Op. 15.)[*see Ramirez v. Texas*, No.02-14-062-CR, 2015 WL 2437873 (Tex. App.—Fort Worth 2015, no writ)]. Although the Texas Court of Criminal Appeals extended Petitioner's time to file a petition for discretionary review through October 21, 2015, he did not do so. (Docket Sheet 2.) Petitioner also filed two state habeas-corpus applications challenging his conviction. The first, filed on June 30, 2016, was dismissed for noncompliance with the state's form requirements. (SHR02 2 & Action Taken.) The second, filed on October 18, 2016, was denied on May 17, 2017, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR03 2 & Action Taken.)" *Ramirez v. Davis,* No.4:17-CV-733-A (Dec. 18, 2018 Order)(footnotes omitted).

5

subject to screening under § 1915(e)(2)(B). Both § 1915A(b) and § 1915(e)(2)(B) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**III. ANALYSIS**

**(A). Claims Barred by Absolute Immunity**

(1). Judicial Immunity

With regard to Ramirez's claims against the Honorable Michael Thomas, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Thomas was judicial in nature and was undertaken pursuant to the jurisdiction provided to Criminal District Court Number Four, Judge Thomas is entitled to absolute immunity from any monetary damages claims, and such claims will be dismissed.

(2). Prosecutorial Immunity

Ramirez asserts claims against former District Attorney Joe Shannon Jr. and fellow prosecutor Dawn Newell Ferguson arising from their prosecution of him. (Am. Complaint (doc. 10) at 12-14.) But Shannon and Ferguson are entitled to absolute immunity for any claims for monetary damages asserted by Ramirez. The Supreme Court

7

has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n. 33. Here, even assuming Plaintiff's allegations against Joe Shannon Jr. and Dawn Newell Ferguson are true, these defendants would have taken such action in their roles as prosecutors on behalf of the State of Texas. Thus, defendants Shannon and Ferguson are entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

**(B). No Color of Law**

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements:(1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Ramirez's allegations against his three appointed attorneys, Hamida A. Abdal-Khallaq, Mary Mankesi Panzu, and Michael B. Berger,

Ramirez has failed to satisfy the second element. Ramirez has failed to show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Ramirez has made no allegation that these attorneys were acting on behalf of the government. Ramirez cannot show that his attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against these three defendants must be dismissed.

**(C). Application of *Heck v. Humphrey***

With regard to the claims against Detective Boetcher and Detective O'Brien, and as an alternative ground for dismissal of the claims against the defendants already dismissed, the Court considers application of the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the *Heck* case, the Supreme Court held that when a successful civil-rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

9

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. 2004) (citation omitted). Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Ramirez's claims in this federal civil suit that the detectives violated his rights under the Fourth Amendment by seizing evidence and falsifying records. He also claims violations of due process of law by several defendants, malicious prosecution, and denial of his right to effective assistance of counsel.(Am.

Complaint (doc. 10) at 3, 6-17.) A favorable ruling on such claims in this Court would necessarily imply the invalidity of his conviction in the state criminal case. *See e.g., Conlan v. King, et al.*, 682 F. App'x 345, 345-46 (5th Cir. 2017)(claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Legate v. Garcia*, 582 F. App'x 287, 288 (5th Cir. 2014)("[A]ny claim that Legate was wrongly convicted based on due process violations at trial would necessarily imply that his conviction is invalid")(citations omitted)); *Villegas v. Galloway, et al.*, 458 F. App'x 334, 337 (5th Cir. 2012)(civil-rights claims such as ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence barred by *Heck*); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004); *Evans v. Mendoza*, No.4:05-CV-759-Y, 2006 WL 3438627, at *2 (N.D. Tex. Nov. 14, 2006)(Means, J.)(claims challenging unlawful seizure of evidence later used in prosecution of plaintiff not cognizable under *Heck*).

But Ramirez has not shown that his conviction has been reversed or set aside in any of the manners listed in *Heck v. Humphrey*. As noted above, a review of the state-court records provided in Ramirez's suit seeking relief under § 2254, as well as that suit itself, reveals that Ramirez has to date been unsuccessful in his challenges to his conviction. As Ramirez has not shown that his conviction has been invalidated under *Heck*, his

claims, whether they be for monetary damages, injunctive relief, or for declaratory relief, are not cognizable and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger*, 312 F. App'x. at 625. Because Ramirez has failed to make a showing that his conviction has been set aside in the manner listed in *Heck*, his claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**IV. CONCLUSION and ORDER**

For the foregoing reasons, all Ramirez's claims against Hamida A. Abdal-Khallaq, Mary Mankesi Panzu, and Michael B. Berger are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); Ramirez's claims for monetary damages against Michael Thomas, Joe Shannon Jr., and Dawn Newell Ferguson, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii); and all of Ramirez's claims against Tom Boetcher and T. S. O'Brien, and alternatively, all of Ramirez's claims against the remaining defendants are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck v. Humphrey*

conditions are met,[3] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

SIGNED February 21, 2019.

                                    _____
                                    TERRY R. MEANS
                                    UNITED STATES DISTRICT JUDGE

---

[3] *See Johnson*, 101 F.3d at 424.